# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | |
|---|---|
| **ANTHONY JAMES LONDO** | **CIVIL ACTION NO. 10-1036** |
| **VS.** | **SECTION P** |
| | **JUDGE DOHERTY** |
| **IBERIA MEDICAL CENTER, ET AL.** | **MAGISTRATE JUDGE HANNA** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Anthony James Londo filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 21, 2010. Plaintiff sued the Iberia Parish Medical Center, Dr. T. Falterman, Dr. Leslie Greco, Dr. E. Romig, Iberia Parish Sheriff Louis Ackal and Phil Haney, the District Attorney for Louisiana's Sixteenth Judicial District seeking compensatory, punitive, and nominal damages against the defendants who have allegedly refused to treat his "on-going parasitic infection." Pending before the court are four motions: a motion for jury trial (Doc #19), a motion for extension of time to pay filing fee (Doc #20), a second motion for leave to proceed *in forma pauperis* (Doc #35), the first having been previously denied (Doc #10), and a motion to voluntarily dismiss this case and another case pending in this court bearing docket number 10-cv-750 (Doc# 41).[1]  For the following reasons it is ordered that the motion to proceed *in forma pauperis* be denied, and it is recommended the instant complaint be **DISMISSED WITH PREJUDICE** and that the plaintiff, Anthony James Londo, be **SANCTIONED.**

### *Background*

---

[1] See *Londo v. Ellis, et.al.* in which the motion to dismiss was denied as moot as the case was administratively terminated and all pleadings were stricken based on plaintiff's failure to pay the filing fee. (Doc. #50)

Since August 25, 2005, plaintiff has filed 21 civil actions in this Court. The majority of these suits were, like the instant complaint, hand-written, virtually indecipherable civil rights complaints naming numerous defendants and complaining that these various persons or entities violated plaintiff's rights. Twenty of these suits were dismissed either pursuant to LR 3.2W[2] because plaintiff refused pay the filing fee or submit a proper *in forma pauperis* application, or because he refused to comply with the Rules of this Court requiring him to utilize the appropriate form complaint or petition , or, on plaintiff's own motion to dismiss after having been directed to amend his complaint or petition to cure various procedural deficiencies.[3]

---

[2] Local Rule 3.2W provides in part, "Every complaint filed by a prisoner who is not represented by an attorney (i.e., who is proceeding pro se) complaining of violation of their constitutional rights ... or seeking a writ of habeas corpus under 28 U.S.C. §2241 and 28 U.S.C. §2254 shall be typed or legibly written on forms supplied by the Court and signed by the prisoner. The prisoner shall follow the instructions provided with the forms and complete the forms using only one side of the page. After completely filling out the Court-approved form, the prisoner may attach additional pages containing additional information. In cases asserting constitutional claims, however, no more than five typewritten or ten legible handwritten pages may be attached to the form. The pages shall be written or typed on one side of the page only and shall contain numbered paragraphs which correspond to the numbered paragraphs on the form. Complaints that do not comply with this rule and which are not corrected after notice may be stricken by the court...

A prisoner who is unable to pay the filing fee and service costs may petition the Court on forms supplied by the Court to proceed *in forma pauperis*. The court, after notice, may strike all complaints that are not accompanied by either a filing fee or a proper *in forma pauperis* form."

[3] 1. *Londo v. Austin, et al.*, No. 5:05-cv-1552 consolidated with 5:05-cv-1585 *Londo v. Hanson, et al.*– Plaintiff sought an order directing the defendants to fix his broken nose, to conduct tests to determine whether he was infected with parasites, and, to order prison staff to provide him with an "indigent package" so that he could litigate additional claims. These cases were dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure for failure to prosecute when plaintiff failed to amend as ordered to provide additional information.
  2. *Londo v. Butler, et al.*, No. 5:05-cv-1605 – Plaintiff alleged that corrections officers would not let him mail his complaints or pleadings. This matter was dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure for failure to prosecute when plaintiff failed to amend as ordered to provide additional information;
  3. *Londo v. Sanders, et al.*, No. 5:05-cv-1606 – Plaintiff claimed that another inmate exposed him to parasites; he again demanded a test to determine the extent of the exposure. This case was dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure for failure to prosecute when plaintiff failed to amend as ordered to provide additional information;
  4. *Londo v. Hanson, et al.*, No. 5:06-cv-0096 – Plaintiff complained of bleeding and swelling and "acute and chronic" pain. This was stricken for failure to pay filing fee or submit *ifp* application;
  5. *Londo v. Paranuk, et al.*, No. 5:06-cv-0240 – Plaintiff claimed that other inmates were sending pleadings to the court and signing plaintiff's name. He also claimed that he was the victim of excessive force by corrections officers and that he was in "acute and chronic" pain. This was stricken for failure to provide *ifp* authorization to disburse prison account funds;

As noted above, plaintiff filed the instant complaint on June 21, 2010. The rambling, incoherent, and virtually indecipherable complaint set forth conclusive allegations suggesting that he has been "... subjected to callous, reckless, 'deliberate indifference' by listed officials due to my

---

6. *Londo v. Benson, et al*, No. 5:06-cv-0290 – Plaintiff sued numerous corrections officers, but styled his pleading as a Writ of *Habeas Corpus Ad Testificandum*. This was stricken for failure to pay filing fee or submit *ifp* application;

7. *Londo v. Sanders, et al.*, No. 5:06-cv-0293 – Plaintiff again complained of "acute and chronic" pain resulting from his broken nose and parasites. It was stricken for failure to submit complaint on approved form;

8. *Londo v. Bass, et al.*, No. 5:06-cv-0419 – Plaintiff claimed that corrections officers allowed an inmate to throw Kool-Aid and urine in his face. It was stricken for failure to submit completed *ifp* application;

9. *Londo v. Goodwin, et al.*, No. 5:06-cv-0420 – Plaintiff again complained of "acute and chronic" pain and provided a litany of physical ailments. This was stricken for failure to pay filing fee or submit *ifp* application;

10. *Londo v. Hearn, et al.*, No. 5:06-cv-0467 – Plaintiff listed 69 defendants – corrections officers and physicians – and accused them in conclusory fashion of violating all rights guaranteed to him *by* the Bill of Rights. This was stricken for failure to file complaint using the approved form;

11. *Londo v. Crawford, et al.*, No. 5:07-cv-0134 – Plaintiff again accused a group of corrections officers of violating the rights guaranteed by the Bill of Rights. This was stricken for failure to submit certificate concerning prison account;

12. *Londo v. Wallace, et al.*, No. 5:07-cv-0135 – Plaintiff claimed that the named defendants were deliberately indifferent and violated his rights to due process. This was stricken for failure to submit certificate concerning prison account;

13. *Londo v. Michael, et al.*, No. 5:07-cv-0179 – In this habeas corpus petition Londo complained that good time credits were forfeited without due process. It was stricken for failure to submit certificate concerning prison account;

14. *Londo v. Michael*, No. 6:05-cv-1571 – In this habeas action plaintiff attacked the legality of his conviction and sentence in the 16th Judicial District Court. The petition was barred by the period of limitations found in 28 U.S.C. §2244(d) and dismissal on that basis was recommended. Plaintiff filed a Voluntary Motion to Dismiss which was granted;

15. *Londo v. Ellis, et al.*, No. 6:09-cv-0200 – Plaintiff complained of being placed on suicide watch by the Warden of the Iberia Parish Jail. His motion for Voluntary Dismissal was, granted;

16. *Londo v. Hayes, et al.*, No. 6:09-cv-0494 – Plaintiff complained about the conditions in the suicide watch cell. This complaint was also stricken for failure to submit filing fee or *ifp* application and for failing to utilize proper form;

17. *Londo v. Warden, Iberia Parish Jail*, No. 6:09-cv-0495 – Plaintiff complained that he was wrongfully arrested and incarcerated. This complaint was stricken for failure to submit filing fee or *ifp* application and for failing to utilize proper form;

18. *Londo v. Ellis, et al.*, No. 6:09-cv-2007 – Plaintiff alleged basically the same wrongful arrest and imprisonment claims that were the subject matter of the previous suit. This complaint was stricken for failure to utilize proper form. Plaintiff appealed to the Fifth Circuit Court of Appeals. The Fifth Circuit ordered plaintiff to pay the filing fee by August 12, 2010 or suffer dismissal, and upon his failure to pay the fee by that date, the Court ordered dismissal of the appeal. See *Londo v. Ellis, et al.*, No. 10-30685.

19. *Londo v. Ellis, et al.*, No. 10-0750 – Plaintiff complained again of wrongful arrest, imprisonment and conditions of confinement at the Iberia Parish Jail. Based upon the pattern noted above, plaintiff's *ifp* status was revoked and his complaint was dismissed when plaintiff failed to pay the filing fee.

3

seeking 'legal-redress' in 'state' and 'federal' courts! I'm not allowed to go to 'Iberia Medical Center' any more due to my filing complaints."

His application to proceed *in forma pauperis* [Doc. #2] was denied on June 29, 2010. [Doc. #10] Nevertheless, plaintiff has refused to pay the filing fee and instead, he has deluged the court with additional indecipherable, conclusive, and delusional pleadings, including a second request to proceed *in forma pauperis*.[4]

*Law and Analysis*

The instant complaint is the twenty first civil action filed by plaintiff in this Court. In each instance plaintiff has applied for *in forma pauperis* status. As shown above, **ALL** of the previous civil actions filed by this plaintiff were dismissed either because plaintiff failed to conform to local court rules, or because he voluntarily dismissed his claims rather than amend and conform to those

---

[4] The Docket Sheet reflects that plaintiff has filed the following pleadings: (1) On June 22, 2010, an Amended Complaint and Declaration [Docs. #3 and 4]; (2) on June 23, 2010, a Declaration and Notification [Docs. #5 and 6]; (3) on June 25, 2010, another Declaration [Doc. #7]; (4) on June 28, 2010, another Declaration [Doc. #9]; (5) on June 29, 2010 two additional Declarations and a Notification and Verification [Docs. #11,12, and 13]; (6) on August 2, 2010, a Motion for Extension of Time [Doc. #15] to comply with the Court's July 21, 2010 deficiency order [Doc. #14], and, another Notification [Doc. #16]; (7) on August 4, 2010 another Notification along with a Motion for Jury Trial and a Motion for Extension of Time to pay filing fee [Docs. # 18, 19, and 20]; (8) on August 6, 2010 another Notification and Declaration [Doc. #21]; (9) on August 9, 2010 a Declaration, a Notification and Declaration, and a Notification [Docs. # 22, 23, and 24]; (10) on August 12, 2010 a Notification, a Notification and Declaration, another Notification and Declaration, another Notification, and another Notification and Declaration [Docs. # 25, 26, 27, 28, and 29]; (11) on August 13, 2010, two more Notifications [Docs. # 30 and 31]; (12) on August 16, 2010, two additional Notifications [Docs. #32 and 33]; (13) on August 18, 2010, a second application to proceed *in forma pauperis* [Doc. #35]; (14) on August 19, 2010 a Notice of Change of Address [Doc. # 36]; (15) on August 20, 2010 another Notification and Declaration [Doc. #37]; (16) on August 23, 2010 a Declaration and Verification [Doc. #38]; (17) on August 25, 2010 a Notification and Declaration [Doc. #39]; (18) on September 3, 2010 another Notification [Doc. #40]; (19) on September 8, 2010, a Motion to Dismiss [Doc. #41]; (20) on September 9, 2010 a Notification [Doc. #42]; and, (21) on September 15, 2010 a Notification and Declaration [Doc. #43]

In each of these "pleadings" Londo alleged that District Attorney Haney, the Iberia Medical Center, and Sheriff Ackal have engaged in "Direct and Indirect Retaliation," have maintained surveillance on the plaintiff, have attempted to have plaintiff falsely imprisoned, have caused plaintiff severe duress and emotional distress, have ordered citizens to "set plaintiff up," and have ordered "18 wheeler trucks and garbage trucks in Iberia Parish ... to spew dust and / or debris upon [plaintiff] when they pass by..."

rules.

Plaintiff has previously been denied *in forma pauperis* status by this Court and the Fifth Circuit Court of Appeals. He has already suffered dismissal of a civil action in this Court and the dismissal of an appeal based upon his failure to pay filing fees.[5]

The ability to litigate *in forma pauperis* is regarded as a privilege and may be denied if abused. *In re Anderson*, 511 U.S. 364, 114 S.Ct. 1606, 128 L.Ed.2d 332 (1994); *In re Sindram*, 498 U.S. 177, 179-180, 111 S.Ct. 595, 597-598, 112 L.Ed.2d 599 (1991) ("In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny *in forma pauperis* status to those individuals who have abused the system."); *In re Demos*, 500 U.S. 16, 111 S.Ct. 1569, 114 L. Ed.2d 20 (1991).

Litigants, whether free or in prison, who file repeated civil actions only to allow them to languish or to be dismissed for failing to comply with court rules and orders present the same problems to the court system as do prisoner-litigants who continue to file frivolous lawsuits. Courts therefore have the discretionary authority to deny the privilege of proceeding *in forma pauperis* to such litigants. *See Butler v. Department of Justice,* 492 F.3d 440, 444 (D.C. Cir. 2007). "A prisoner 'for whom litigation was a costless pastime' could repeatedly bring actions or appeals that were dismissed for failure to prosecute without incurring any costs-either financially or as strikes under the PLRA." *Id.*, quoting *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1036 (D.C.Cir.2000).

---

[5] See *Londo v. Ellis, et al.*, No. 6:09-cv-2007 – Plaintiff alleged basically the same wrongful arrest and imprisonment claims that were the subject matter of the previous suit. This complaint was stricken for failure to utilize proper form. Plaintiff appealed to the Fifth Circuit Court of Appeals. The Fifth Circuit ordered plaintiff to pay the filing fee by August 12, 2010 or suffer dismissal, and upon his failure to pay the fee by that date, the Court ordered dismissal of the appeal. *Londo v. Ellis, et al.*, No. 10-30685; see also, *Londo v. Ellis, et al.*, No. 10-0750 – Plaintiff complained again of wrongful arrest, imprisonment and conditions of confinement at the Iberia Parish Jail. Based upon the pattern noted above, plaintiff's *ifp* status was revoked and his complaint was dismissed when plaintiff failed to pay the filing fee.

Here, once again, plaintiff has filed a complaint which does not comply with LR 3.2W. He has been denied *in forma pauperis status*, nevertheless, he has refused to pay the costs of court in this case, as well as in 10-cv-750, and continues to deluge the court with delusional pleadings including the instant motion to proceed *in forma pauperis*. As noted by the *Butler* court,

> Litigants have a constitutional right of access to the courts, see, e.g., *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), but that right 'is neither absolute nor unconditional,' *In re Green*, 669 F.2d 779, 785 (D.C.Cir.1981) (per curiam). It must be 'counterbalanced by the traditional right of courts to manage their dockets and limit abusive filings.' *Cofield v. Ala. Pub. Serv. Comm'n.*, 936 F.2d 512, 517 (11th Cir.1991) (citation omitted). When a court determines that a litigant is an abusive filer, it 'may impose conditions upon [the] litigant – even onerous conditions ... so long as they are, taken together, not so burdensome as to deny the litigant meaningful access to the courts.' *In re Green*, 669 F.2d at 786. Denying a prisoner the ability to proceed *IFP* is one such condition courts have imposed on prisoners who have abused the *IFP* privilege. *Ibrahim*, 208 F.3d at 1036 ('Leave to file a claim *in forma pauperis* has always been a matter of grace, a privilege granted in the court's discretion ..., and denied in the court's discretion when that privilege has been abused by filing claims or appeals that are frivolous or otherwise not taken in good faith.') Indeed, the Supreme Court has gone so far as to say that it has ' a duty to deny *in forma pauperis* status to those individuals who have abused the system.' *In re Sindram*, 498 U.S. at 180, 111 S.Ct. 596 (emphasis added). Thus, our authority to deny IFP status to a prisoner who has abused the privilege is clear.

*Butler v. Dept. of Justice*, 492 F.3d at 445.

In this instance, denial of *ifp* status is appropriate since "... [b]oth the number and content of [the litigant's] filings" constitute a pattern of frivolousness or harassment of either defendants or the court, *In re Powell*, 851 F.2d 427, 434 (D.C.Cir.1988) (*per curiam*)." *Butler* at 445.

Therefore, plaintiff's second motion to proceed *in forma pauperis* [Doc. #35] is **DENIED**; and, given plaintiff's failure to pay the filing fee and his contumacious disregard of the Rules of this Court,

**IT IS RECOMMENDED THAT** the voluntary motion to dismiss be granted; however, it is recommended the instant civil action be **DISMISSED WITH PREJUDICE** and that plaintiff,

Anthony James Londo, be **SANCTIONED** in the amount of the unpaid filing fee of $350.00.

**IT IS FURTHER RECOMMENDED** that plaintiff, Anthony James Londo, not be permitted to file any pleadings in the Lafayette Division of the Western District of Louisiana unless and until this filing fee is paid, OR without the prior express permission of a District Judge.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court be ordered not to accept any further pleadings from plaintiff, Anthony James Londo, unless and until the filing fee is paid or unless otherwise ordered by the Court.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See,** *Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Lafayette, Louisiana, October 20, 2010.

7